■ In the Matter of the Claim of ROSE M. BORKOWSKI, Respondent.
BUFFALO CHINA, INC., Appellant; MARTIN P. CATHERWOOD, as Industrial Com-
missioner, Respondent.— The employer appeals from a decision of the Unem-
ployment Insurance Appeal Board which determined that the refusal of the claim-
ant to return to her prior work was justified and that she was not subject to dis-
qualification, pursuant to subdivision 2 of section 593 of the Labor Law. The
work of the claimant for the employer consisted of receiving chinaware as it
came from the molds, removing the rough spots by the use of hand tools and
then smoothing off the edges as the china revolved on a spindle. During the
latter part of her employment she was pregnant and left for that reason. Sub-
sequently and after the birth of her child, she notified the board of her avail-
ability for work, but that she could not return to her former employment because
the dust was affecting her throat and that she suffered occasional nosebleeds.

This was substantiated by her doctor who filed a report stating she suffered from "hypersensitivity to dust and irritants" and that he advised her to stop working in the china factory because of the dust and that the condition was not associated with the pregnancy. The record is replete with evidence of the claimant's good faith in attempting to obtain other work. The employer offered proof which established that great precautions had been taken to control and eliminate dust by the installation of modern equipment and further, that the claimant had never made any complaints of nosebleeds and throat irritation during her employment although the employer had its physician at the plant once a week for the purpose of examining and caring for any of the employees. The board, after enumerating the precautionary measures taken by the employer, found the dust concentration was reduced to a minimum and that no material of a dangerous or noxious nature was known to exist, but stated: "Nevertheless, claimant had received competent medical advice that, because of her hypersensitivity, continued employment in a plant engaged in the manufacture of chinaware would prove detrimental to her health. Under these circumstances, claimant acted in the manner of a reasonably prudent person, under similar circumstances, in refusing to return to her former work. Claimant acted entirely in good faith and had a reasonable basis for her belief that the presence of clay dust in connection with her operation was adversely affecting her state of health." Section 623 of the Labor Law provides in part that "A decision of the appeal board shall be final on all questions of fact and, unless appealed from, shall be final on all questions of law." Subdivision 2 of section 593 of the Labor Law sets forth what constitutes "good cause" for refusing to accept an offer of employment which ordinarily is a question of fact. The testimony produced by the parties, while in many respects in conflict, constituted a question of fact. The board found that the record contained a reasonable basis for the diagnosis, and advice of the physician of the claimant not to return to work, and for the reliance thereon by the claimant, all of which was within its province as a fact-finding board. Decision unanimously affirmed, with costs to the claimant-respondent. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.